UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMUS BLANKENSHIP,<br><br>　　　　　　　Petitioner,<br>v.<br><br>MATTHEW CATE,<br><br>　　　　　　　Respondent. | Civil No. 09cv2414 W (PCL)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS**<br>**(Doc. 7.)** |

**I**.

**INTRODUCTION**

On October 27, 2009, Artemus Blankenship ("Petitioner"), a state prisoner proceeding pro se, filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On March 1, 2010, Respondent Matthew Cate ("Respondent") filed a Motion to Dismiss the Petition. (Doc. 7.) Respondent seeks dismissal of the Petition because it is barred by the statute of limitations. Petitioner claims that his Petition is not statutorily time barred and seeks to have the Court determine whether his Petition is entitled to equitable tolling of the statute of limitations. (Doc. 8.) For the reasons discussed below, the Court recommends granting Respondent's motion to dismiss.

///

## II.

## PROCEDURAL HISTORY

In 2004, Petitioner waived jury trial and was convicted by the San Diego Superior Court of residential robbery (Cal. Pen. Code §§ 211, 212.5, subd. (a)), burglary (§ 459), and petty theft with a prior theft conviction (§§ 666, 484).  He admitted to two prior serious felony convictions (§§ 667, subd. (A)(1), 668) and to three prior strikes (§§ 667, subds.(b)-(i), 1170.12). The court sentenced him to prison for 60 years to life, including 25 years to life for burglary with two prior strikes, with a consecutive term of 25 years to life for burglary with two prior strikes, enhanced by two five-year terms for the prior serious felony convictions.  The court stayed the sentence on the petty theft conviction with a prior (§ 654). (Lodgment 1, at 1-2.)

Petitioner raised one claim on direct appeal – that there was insufficient evidence to support his conviction for burglary. (Lodgment 2.)  On March 11, 2005, the California Court of Appeal affirmed the judgment in a reasoned opinion. (Lodgment 1.) Petitioner's appellate attorney did not see a basis for appealing his case to the California Supreme Court, but advised Petitioner that he had the right to file the appeal himself on or before April 19, 2005.  (Doc. 8-2, at 2.)  Petitioner did not further pursue direct appeal in the California Supreme Court.  (Doc. 7-1, at 3.)

On February 14, 2006, Petitioner filed his first state habeas petition in the San Diego Superior Court, arguing that he received ineffective assistance of counsel and that the trial court violated his Sixth Amendment right by conducting a bench trial. (Lodgment 4, at 1.)  The petition was denied partly on the merits and partly for lack of evidentiary support on April 6, 2006.  (Id.)

 Petitioner next filed a petition for habeas corpus in federal court on June 2, 2006.  (See case number 06cv1178 JAH (CAB).)  The district court dismissed the petition without prejudice on June 23, 2006 because Petitioner failed to exhaust his state remedies as to any claim.  (Lodgment 5.) The court advised Petitioner that he needed to present his claims first to the state appellate and supreme courts before returning to federal court.  (Id. at 2.)

Petitioner returned to the San Diego Superior Court and filed another habeas petition with three claims: ineffective assistance of counsel, court error in failing to approve a plea agreement, and an

unfair bench trial conducted by a judge with knowledge of his prior guilty plea.  The petition was denied on the merits on March 27, 2007.  (Lodgment 6.)

Petitioner presented these three claims to the California Court of Appeal in a habeas petition filed on May 10, 2007.  (Lodgment 7.)  The court denied the petition on August 2, 2007 because Petitioner failed to provide reasonably available documentation supporting his claims.  (Lodgment 8.)

In September 2007, Petitioner raised the same three claims in a signed petition submitted to the state court of appeal and included a copy of the rescinded plea agreement.  (Lodgment 9.)  On January 30, 2008, the court denied the petition on the merits.  (Lodgment 10.)

On October 6, 2008, Petitioner again filed a habeas petition raising the same three claims in the California Court of Appeal.  (Lodgment 12.)  The court rejected the contentions as repetitive and successive of Petitioner's prior petitions and likewise denied this petition on November 6, 2008.  (Lodgment 13.)

On March 11, 2009, Petitioner filed a habeas petition in the California Supreme Court raising the same three claims.  (Lodgment 14.)  The California Supreme Court summarily denied the petition on August 12, 2009.  (Lodgment 15.)

The instant federal petition was filed on October 27, 2009.  The same three claims for relief were presented: ineffective assistance of counsel, unfair bench trial in violation of the Sixth Amendment, and unfair rescission of the plea agreement in violation of due process.  (Doc. 1, at 6-15.)  Respondent filed a motion to dismiss the Petition as untimely.  (Doc. 7.)

### III.

### DISCUSSION

The Court will review Respondent's motion to dismiss on statute of limitations grounds pursuant to its authority under Rule 4 of the Rules Governing Section 2254 Cases.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

**A.     Absent Any Applicable Tolling, Petitioner's Petition is Barred by the Statute of Limitations**

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") statute of limitations.  The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996.  Lindh v.

Murphy, 521 U.S. 320, 322-23 (1997). Therefore, because the original Petition was filed on October 27, 2009, the AEDPA applies to this case.

With enactment of the AEDPA, a state prisoner's time frame for seeking federal habeas relief has been dramatically limited. The AEDPA provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. Section 2244(d)(1) states, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1) (West Supp. 1998).

In California, if the petitioner does not file a direct appeal to the supreme court, then the conviction becomes final 40 days after the court of appeal files its opinion. Delander v. Hubbard, 2008 WL 2622856 (S.D. Cal. July 1, 2008); see Cal. Rules of Court, Rules 8.264(b), 8.500(e)(1), 8.60. Pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period begins to run the following day. Moreover, the statute of limitations is not tolled from the time the conviction becomes final and the time the first state collateral challenge is filed because there is no case "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner's judgment became final on April 20, 2005. Therefore, absent tolling under the AEDPA, Petitioner had until April 20, 2006, to file his Petition For Writ of Habeas Corpus with this Court. However, Petitioner did not file the instant federal habeas petition until October 27, 2009, over three years beyond the due date. Absent sufficient statutory or equitable tolling, the instant petition is barred by the statute of limitations.

**B.     Petitioner is Not Entitled to Sufficient Statutory Tolling**

The time spent pursing a habeas petition with unexhausted claims in federal court does not toll the statute of limitations period. <u>Duncan v. Walker</u>, 533 U.S. 167, 180 (2001). On the other hand, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitations period. 28 U.S.C. § 2244(d)(2). Under California's indeterminate timeliness rule, "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he c[an] count as 'pending' (and add to the one-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." <u>Evans v. Chavis</u>, 546 U.S. 189, 193 (2006). Interval tolling may also be available between the filing of successive petitions in the same state court so long as they were both properly filed and considered pending. <u>See</u> <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1037-38 (9th Cir. 2005). However, a time interval longer than sixty days between the denial of one state petition and the filing of the next one would not be counted for tolling purposes unless the prolonged delay is sufficiently justified by the petitioner. <u>Chaffer v. Prosper</u>, 592 F.3d 1046, 1048 (9th Cir. 2010). Absent a clear indication from the state court as to the timeliness of a successive petition, the federal habeas court makes the determination as to the reasonableness of the delay. <u>Evans v. Chavis</u>, 546 U.S. at 193. A petitioner's lack of legal or procedural knowledge or limited but available access to the law library are not sufficient justifications for statutory gap tolling purposes. <u>See</u> <u>id.</u> at 201.

In this case, the limitations period began on April 21, 2005, the day after his conviction became final. When Petitioner filed his first state habeas petition on February 14, 2006, three-hundred days of limitations period expired with sixty-five days remaining. The limitations period was tolled from February 14, 2006 until April 6, 2006, the day the San Diego Superior Court denied Petitioner's first state habeas petition partly for lack of evidentiary support and partly on the merits. At this point, Petitioner presumably did not file his next habeas petition in state court but rather proceeded in federal court with a habeas petition filed on June 2, 2006 and dismissed on exhaustion grounds on June 23, 2006. Pursuant to <u>Duncan v. Walker</u>, Petitioner would not be entitled to tolling during the pendency of this untimely federal petition.

   While the record does not reflect any state habeas petition pending during the time Petitioner proceeded in federal court, it does show that a second habeas petition filed in San Diego Superior Court was denied on the merits on March 26, 2007. Respondent submits that the interval between the denial of Petitioner's first state petition and the filing of the second state petition should not be tolled because Petitioner proceeded in a disorderly fashion by inappropriately filing a petition in federal court first and unreasonably delaying the filing of his second state petition for several months. (Doc. 7, at 7-9.) In contrast, Petitioner argues that the limitations period should be tolled from the time he filed his first habeas petition on February 14, 2006 until the California Supreme Court denied his final petition on August 12, 2009. (Doc. 8, at 4.) Petitioner also argues that any delay in filing a particular habeas petition can be explained by his lack of legal knowledge and his limited access to the legal library where prisoners had to be escorted shackled in groups of six for three-hour periods twice daily. (Doc. 8, at 5.) Having considered both positions, the Court finds Respondent's arguments more plausible and persuasive. Although the record is not clear as to when Petitioner filed his second habeas petition in state court, presumably more than sixty days elapsed between the denial of Petitioner's first state habeas petition and the filing of his second state petition, which was denied almost a year after the denial of his first state habeas petition. Such a prolonged time interval cannot be used for tolling purposes absent sufficient justification for the delay. Petitioner explains away any delay on his lack of legal knowledge and his limited but available access to the law library, but, pursuant to <u>Evans v. Chavis</u>, these are not sufficient justifications to make statutory interval tolling available to him in this instance. Thus, the Court believes that the limitations period expired right around June 10, 2006 and that the instant petition is untimely absent equitable tolling.

   Even assuming that Petitioner is entitled to statutory interval tolling between the denial of his first state habeas petition and the filing of his second state petition, Petitioner would also have to justify other long gaps between the filings of his other state habeas petitions to be entitled to a sufficient amount of statutory tolling. For instance, in September 2007, Petitioner filed a state habeas petition in the California Court of Appeal, which denied the petition on the merits on January 30, 2008. Petitioner filed his next state habeas petition on October 6, 2008 in that same court, which rejected it as repetitive and successive of Petitioner's prior petitions. In other words, Petitioner waited over eight months from the

denial of one state petition to file his next petition, which the state court explicitly deemed untimely. Pursuant to Evans v. Chavis, the period of time from the court of appeal's January 30, 2008 denial of one of his habeas petitions and the October 6, 2008 filing of his next state habeas petition cannot be counted for statutory interval tolling purposes because the state court explicitly deemed this petition untimely and Petitioner has not justified the delay.  Thus, even assuming the limitations period was tolled from the February 14, 2006 filing of his first state petition until the court of appeal's January 30, 2008 denial of one of his other habeas petitions, the limitations period would have expired sixty-five days later on April 4, 2008 when no habeas petition was currently "pending."  Under this scenario, as Petitioner did not file the instant federal habeas petition until October 27, 2009, it still would be untimely absent equitable tolling.

**C. Petitioner is Not Entitled to Equitable Tolling**

Respondent argues that Petitioner has failed to demonstrate a basis for equitable tolling.  (Doc. 7-1, at 11.)  Petitioner argues that he is entitled to equitable tolling because he has been pursuing habeas relief diligently from final judgment until the filing of the instant petition.  (Doc. 8, at 4.)  He argues that any instance of untimeliness can be attributed to his lack of legal knowledge and his limited access to the legal library where prisoners had to be escorted shackled in groups of six for three-hour periods twice daily.  (Doc. 8, at 5.)

The U.S. Supreme Court has established a two-part test to determine whether a petitioner is entitled to equitable tolling of the statute of limitations.  In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Court held that a litigant seeking equitable tolling of the statute of limitations bears the burden of establishing (1) that he has been pursuing his rights diligently and, (2) that some extraordinary circumstance stood in his way.  Id. at 418.  Equitable tolling of the one-year statute of limitations is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the untimeliness.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  Institutional lockdowns resulting in restricted but available access to the law library do not constitute extraordinary circumstances that warrant equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).  Similarly, "'ignorance of the law alone is not

1 sufficient to warrant equitable tolling.'" <u>Allen v. Yukins</u>, 366 F.3d 396, 403 (6th Cir. 2004) (citation omitted); <u>see</u> <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006).

Here, although Petitioner has stated generally that prison lockdowns and his lack of legal knowledge contributed to the delays in filing his various habeas petitions in state court and, ultimately, the filing of the instant Petition, these difficulties do not excuse his failure to pursue his habeas filings in a timely fashion. Because he has not shown with specificity that he faced any <u>extraordinary</u> impediment that made it <u>impossible</u> for him to file any of his petitions in a timely and diligent manner, Petitioner is not entitled to equitable tolling. Accordingly, the instant Petition must be dismissed as untimely.

## IV.

## CONCLUSION

For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered granting the motion to dismiss and dismissing the Petition with prejudice. The Court submits this Report and Recommendation to United States Chief District Judge Thomas J. Whelan under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United States District Court for the Southern District of California.

**IT IS ORDERED** that no later than **July 23, 2010,** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 30, 2010**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: <u>July 2, 2010</u>

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Whelan
All Parties and Counsel of Record