UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMUS BLANKENSHIP,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>MATTHEW CATE,<br><br>　　　　　　　　Respondent. | CASE NO. 09-CV-2414 W (PCL)<br><br>**ORDER:**<br><br>1) ADOPTING THE REPORT AND RECOMMENDATION (Doc. No. 10.)<br><br>2) GRANTING MOTION TO DISMISS WITH PREJUDICE (Doc. No. 7.)<br><br>3) DENYING PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1.) |

On October 23, 2009,[1] Petitioner Artemus Blankenship ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") seeking relief under 28 U.S.C. § 2254. (Doc. No. 1.) On July 2, 2010, Magistrate Judge Peter C. Lewis issued a Report and Recommendation ("Report") recommending that Petitioner's amended Petition be dismissed with prejudice. (Doc. No. 10.)

---

[1] This Court actually filed the document on October 27, 2009. However, this Court gives Petitioner the benefit of the "mailbox rule" which deems that a petition is constructively filed when it is delivered to prison officials for filing. Houston v. Lack, 487 U.S. 266 (1988). For consistency, and to benefit Petitioner, the Court will apply the mailbox rule whenever possible.

The Court decides the matter on the papers submitted and without oral argument. <u>See</u> Civil Local Rule 7.1(d.1).  For the reasons outlined below, the Court **ADOPTS** the Report and **DENIES** the petition.

I.     B<span style="font-variant:small-caps">ACKGROUND</span>

In 2004, Petitioner waived jury trial and was convicted by the San Diego Superior Court of residential robbery (Cal. Pen. Code §§ 211, 212.5, subd. (a)), burglary (§ 459), and petty theft with a prior theft conviction (§§ 666, 484).  He admitted to two prior serious felony convictions (§§ 667, subd. (A)(1), 668) and to three prior strikes (§§ 667, subds. (b)-(I), 1170.12).  The court sentenced him to prison for 60 years to life, including 25 years to life for burglary with two prior strikes, with a consecutive term of 25 years to life for burglary with two prior strikes, enhanced by two five-year terms for the prior serious felony convictions.  The court stayed the sentence on the petty theft conviction with a prior (§ 654). (*Lodgment* 1 at 1-2.)

Petitioner raised one claim on direct appeal—that there was insufficient evidence to support his conviction for burglary. (*Lodgment* 2.)  On March 11, 2005, the California Court of Appeal affirmed the judgment. (*Lodgment* 1.)  Petitioner's appellate attorney did not see a basis for appealing his case to the California Supreme Court, but advised Petitioner that he had the right to file the appeal himself on or before April 19, 2005. (Doc. No. 8 at Exh.2.)  Petitioner did not pursue a direct appeal in the California Supreme Court.

On February 14, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court, arguing that he received ineffective assistance of counsel and that the trial court violated his Sixth Amendment right by conducting a bench trial. (*Lodgment* 4 at 1.)  The petition was denied partly on the merits and partly for lack of evidentiary support on April 6, 2006. (*Id.*)  On June 2, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (<u>See</u> case number 06-CV-1178 JAH (CAB).)

On June 26, 2006,[2] this Court dismissed the petition without prejudice because Petitioner failed to exhaust his state remedies as to any claim. (*Lodgment* 5.) The court advised Petitioner that he needed to present his claims first to the state appellate and supreme courts before returning to federal court. (*Id.* at 4.)

Petitioner returned to the San Diego Superior Court and filed another Petition for Writ of Habeas Corpus raising three claims: ineffective assistance of counsel, court error in failing to approve a plea agreement, and an unfair bench trial conducted by a judge with knowledge of his prior guilty plea.[3] The San Diego Superior Court denied the petition on the merits on March 26, 2007.[4] (*Lodgment* 6.)

Petitioner raised the same three claims in a Petition for Writ of Habeas Corpus filed in the California Court of Appeal on April 28, 2007[5]. (*Lodgment* 7.) The court denied the petition on August 2, 2007 because Petitioner failed to provide reasonably available documentation supporting his claims. (*Lodgment* 8.)

On September 11, 2007,[6] Petitioner raised the same three claims in a Petition for Writ of Habeas Corpus to the California Court of Appeal, only this filing included a copy of the rescinded plea agreement. (*Lodgment* 9.) On January 30, 2008, the court denied the petition on the merits. (*Lodgment* 10.)

On October 1, 2008,[7] Petitioner again filed a Petition for Writ of Habeas Corpus raising the same three claims in the California Court of Appeal. (*Lodgment* 12.) The court rejected the contentions as repetitive and successive of Petitioner's prior petitions

---

[2] The Order was filed on June 23, 2006, but not entered until June 26, 2006.

[3] The exact filing date is unknown.

[4] The Order was filed on March 26, 2006, but not entered until March 27, 2006.

[5] The Court of Appeal actually filed the document on May 10, 2007. See supra text accompanying note 1.

[6] The Court of Appeal actually filed the document on September 17, 2007. See supra text accompanying note 1.

[7] The Court of Appeal actually filed the document on October 6, 2008. See supra text accompanying note 1.

1  and likewise denied it on November 6, 2008. (*Lodgment* 13.)

2  On March 6, 2009,[8] Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court raising the same three claims. (*Lodgment* 14.) The California Supreme Court summarily denied the petition on August 12, 2009. (*Lodgment* 15.)

The instant Petition for Writ of Habeas Corpus was filed on October 27, 2009. The petition presented the same three claims for relief: ineffective assistance of counsel, unfair bench trial in violation of the Sixth Amendment, and unfair recession of the plea agreement in violation of due process. (Doc. No. 1 at 6-15.) On March 1, 2010, Respondent Matthew Cate ("Respondent") filed a motion to dismiss, asserting that the Petition is barred by the statue of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No.7.) On July 2, 2010, Magistrate Judge Peter C. Lewis issued his Report recommending that Petitioner's Petition be dismissed with prejudice due to a violation of the statute of limitations. (Doc. No. 10.)

The Report also ordered that any objections were to be filed by July 23, 2010. Petitioner filed a motion for an extension of time to file objections on July 19, 2010, which the Court granted. (Doc. No. 12.) Petitioner timely filed an objection to the Report on August 6, 2010. (Doc. 13.)

## II.   LEGAL STANDARD

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*,

---

[8] The California Supreme Court actually filed the document on March 11, 2009. See supra text accompanying note 1.

but not otherwise") (emphasis in original); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Arizona 2003) (concluding that where no objections were filed, the District Court had no obligation to review the magistrate judge's Report). This rule of law is well established within the Ninth Circuit and this district. See Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is *only* required when an objection is made to the R & R.") (emphasis added) (citing Renya-Tapia, 328 F.3d 1121); Nelson v. Giurbino, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopted Report without review because neither party filed objections to the Report despite the opportunity to do so, "accordingly, the Court will adopt the Report and Recommendation in its entirety."); see also Nichols v. Logan, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In contrast, the duties of a district court in connection with a magistrate judge's report and recommendation are quite different when an objection has been filed. These duties are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Specifically, the district court "must make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c)); see also United States v. Raddatz, 447 U.S. 667, 676 (1980); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

Further, when a reasoned state court decision addresses a petitioner's Constitutional claims, Federal courts conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court Law. See Delgado v. Lewis, 223 F. 3d 976, 982 (9th Cir. 2000). A state court decision is contrary to clearly established Supreme Court law if it (1) applies a rule that contradicts the governing law set forth in Supreme Court cases; or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at the opposite result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision

is an unreasonable application of the law to the facts "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

### III. DISCUSSION

As a preliminary matter, the Court notes that Petitioner filed an objection to the Report. (Doc. No. 13.) Thus, a *de novo* review is required. 28 U.S.C. § 636(b)(1)(c)); see also United States v. Raddatz, 447 U.S. 667, 676 (1980); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

Respondents' sole contention is that the petition is barred by the statute of limitations pursuant to 28 U.S.C. § 2244. (*Resp'ts Mot.* at 3-10.)  In opposition, Petitioner argues that the limitations period was statutorily tolled during the entire process of state and federal review and that he has been pursuing his rights diligently in the face of extraordinary circumstances and should not be barred from pursuing this action. (*Pet's Opp'n* at 2-3, 4. )  The Report agreed with Respondents.

#### A. The AEDPA's One-Year Statute of Limitations

Respondents argue that the Petition is barred by the AEDPA's statute of limitations. The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326 (1997). The instant Petition was filed on October 23, 2009, and thus, the AEDPA applies to this case.

As explained more fully in the Report, the AEDPA provides a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. 28 U.S.C. § 2244(d) and the Ninth Circuit has noted that under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final and the limitation period begins to run when the time to seek review from the highest court expires, whether or not such a petition is filed. Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1158-59

(9th Cir. 1999).

Petitioner was convicted on April 13, 2004. (*Lodgment* 6 at 1.) Under California law, he had sixty days from the date of his conviction to appeal his conviction and sentence. Cal. R. of Ct. 30.1(a) [now Cal. R. of Ct. 8.308(a)]. Petitioner timely filed a direct appeal on May 26, 2004. (*Lodgment* 2 at 3.) The Court of Appeal denied the appeal on March 11, 2005. (*Lodgment* 1.) In California, if the petitioner does not file a direct appeal to the supreme court, then the conviction becomes final forty days after the court of appeal files its opinion. Delander v. Hubbard, 2008 WL 2622856 (S.D. Cal. July 1, 2008); see Cal. Rules of Court, Rules 8.264(b), 8.500(e)(1), 8.60. As such, Petitioner's conviction became final on April 20, 2005. Thus, as the Report concluded, absent any statutory or equitable tolling, the statute of limitations for Petitioner expired on April 20, 2006. (*Report* at 4.)

### B. Petitioner Is Not Entitled to Sufficient Statutory Tolling.

Respondent argues that Petitioner is entitled to some statutory tolling, but not enough to survive the statute of limitations. (*Resp'ts Mot.* at 6-8.) The Report agreed and concluded that the Petition was filed beyond the one-year limitation. (*Report* at 6-7.) Having thoroughly reviewed the arguments presented, the Court believes that it is only necessary to address three specific periods of time to determine whether Petitioner is entitled to sufficient statutory tolling to fit within AEDPA's one-year limitation period.

#### 1. Petitioner Is Not Entitled to Statutory Tolling from April 21, 2005 to February 14, 2006.

The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In the instant case, Petitioner's conviction became final on April 20, 2005. Petitioner filed his first state habeas corpus petition on February 14, 2006. (*Lodgment* 4 at 1.)  A total of **300 days elapsed** between these two dates.  Citing Nino, the Report concluded that the statute of limitations was not tolled during this time period because there was no case pending during that interval. (*Report* at 4.)[9]

**2.     Petitioner Is Not Entitled to Statutory Tolling From June 2-26, 2006.**

Respondent argues that the pendency of Petitioner's federal petition does not qualify for statutory tolling. (*Resp'ts Mot.* at 7.) In opposition, however, Petitioner argues the limitation period is subject to equitable tolling. (Doc. 13 at 3.) The Report, citing Duncan, concluded that "Petitioner would not be entitled to tolling during the pendency of this untimely federal petition." (*Report* at 5.)

The time spent pursuing a habeas petition with unexhausted claims in federal court does not toll the statute of limitations period. Duncan v. Walker, 533 U.S. 167, 180 (2001).

Subsequent to the denial of Petitioner's state habeas, he proceeded to file a Petition for Writ of Habeas Corpus in federal court on June 2, 2006. The petition was dismissed on exhaustion grounds on June 26, 2006. A total of **24 days elapsed** between these two dates. Pursuant to Duncan v. Walker, Petitioner is not be entitled to statutory tolling of the pendency of this untimely petition.

---

[9] In opposition to the motion to dismiss, Petitioner incorrectly cites 28 U.S.C. § 2244(d)(2) and Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), for supporting his argument that the statutory tolling period begins when the state habeas petition is first filed. Nino explicitly states that "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first collateral challenge is filed because there is no case 'pending' during that interval." Nino, 183 F.3d at 1006.

### 3. Petitioner Is Not Entitled to Statutory Tolling From January 30-October 1, 2008.

The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in state court. 28 U.S.C. § 2244(d)(2) Additionally, a state habeas petition is "pending" for purposes of tolling, during the period between the "lower state court reaches an adverse decision," and "the day the prisoner *timely* files an appeal." Evans v. Chavis, 546 U.S. 189, 192 (2006) (emphasis added). In California, "unreasonable" delays are not considered "timely." Id. at 197. A time interval longer than sixty days between the denial of one state petition and the filing of the next is an unreasonable one unless the prolonged delay is sufficiently justified by the petitioner. Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010). Lack of legal or procedural knowledge or limited but available access to the law library are insufficient justifications for statutory gap tolling purposes. Evans, 546 U.S. at 201.

The California Court of Appeal denied Petitioner's habeas on January 30, 2008. (*Lodgment* 10.) Petitioner did not file a subsequent habeas petition until October 1, 2008 (*Lodgment* 12), which the court rejected as repetitive and successive of Petitioner's prior petitions. (*Lodgment* 13.) A total of **245 days elapsed** between these two dates. Absent a sufficient justification, such a delay is unreasonable, and therefore, untimely.

The Report noted that "Petitioner waited over eight months from the denial of one state petition to file his next petition" in reference to the court of appeal's January 30, 2008, denial and Petitioner's October 1, 2008 filing. (*Report* at 6-7.) As such, the Report concluded that the limitations period was not tolled. (Id. at 7.) Petitioner attempts to justify the delay on the grounds that he lacked legal knowledge and had limited access to the legal library because his prison was on a "perpetual state of an emergency . . . lockdown[] for over 5 years." (Doc. 8 at 5.) Because Petitioner waited longer than sixty days to file the subsequent habeas petition, pursuant to Chaffer, and because Petitioner has not stated a sufficient justification for the delay, the statute of limitations was not tolled during this period.

In sum, the Court has identified three separate periods of time during which the statute of limitations was not tolled, for a total of **569 days**. Thus, consistent with the Report's conclusion, the Petition was filed beyond the one year statute of limitations unless Petitioner is entitled to equitable tolling.

### C. Petitioner Is Not Entitled To Equitable Tolling

The one-year statute of limitations is subject to equitable tolling. Calderon v. United States D.C., 128 F.3d 1283, 1288 (9th Cir. 1997). Equitable tolling of the statute of limitations is appropriate where a habeas petitioner shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In the Ninth Circuit, when courts assess a habeas petitioner's argument in favor of equitable tolling, they must conduct a "highly fact-dependent" inquiry. Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000), Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002). The extraordinary circumstances must be the "but-for and proximate cause" of the untimely filing. Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001).

Respondent contends that Petitioner has not made a claim for tolling, that no such basis is apparent, and therefore equitable tolling is precluded. (*Resp'ts Mot.* at 6.) In opposition, Petitioner claims that he is entitled to equitable tolling on grounds of fundamental fairness and due diligence. (*Pet's Opp'n* at 4.) Generally, Petitioner argues that any delay can be explained by his lack of legal knowledge and his limited access to the legal library. (*Pet's Opp'n* at 5.) The Report rejected this contention and concluded that Petitioner is not entitled to equitable tolling because he has "not shown with specificity that he faced any extraordinary impediment that made it impossible for him to file any of his petitions in a timely and diligent manner." (*Report* at 8.)

In his objection to the Report, Petitioner objects to the Report's conclusion and repeats a complaint about the conditions at High Desert State Prison. Petitioner did not, however, attempt to make a specific showing regarding his diligence or the extraordinary circumstances he faced. As explained in the Report, institutional

lockdowns resulting in limited but access to the legal library do not necessarily constitute extraordinary circumstances that warrant equitable tolling, see Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009), nor does "ignorance of the law." Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) (citation omitted); see Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Absent some other justification for not filing his Petition, the Court simply can not conclude that Petitioner is entitled to any equitable tolling, let alone enough to overcome the present deficiency.

In sum, the Court **ADOPTS** the analysis of Report in regards to equitable tolling and therefore must **GRANT** Defendants' motion to dismiss **WITH PREJUDICE**.

### IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **OVERRULES** Petitioner's Objection (Doc. No. 13), **ADOPTS** the Report in its entirety (Doc. No. 10), **GRANTS** Respondent's motion to dismiss (Doc. No. 7.), and **DISMISSES WITH PREJUDICE** Petitioner's habeas petition. (Doc. No. 1.) The Clerk of Court shall close the district court case file.

Moreover, because the Court does not believe that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong it **DECLINES** to issue a Certificate of Appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED: September 17, 2010

_____
Hon. Thomas J. Whelan
United States District Judge